**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  10-cr-00588-WYD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  JOHN SULLIVAN,
**2.  RICHARD O'BRIEN,
3.  MICHAEL HEGARTY,**

        **Defendants.**

---

**GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION TO MODIFY
BOND CONDITIONS *[DOCKET #54]***

---

The United States of America, by United States Attorney John F. Walsh and Assistant United States Attorney Linda A. McMahan and Senior Trial Attorneys Robert Anderson and Jennifer Whitfield, responds to Defendants' Joint Motion to Modify Bond Conditions *[Docket #54]*.

Defendants are two Irish citizens who have no ties to Colorado and present a substantial flight risk.  They came to Colorado to purchase rhinoceros horns and ship them to Ireland. Unbeknownst to defendants, they were negotiating with a confidential informant and an undercover officer from the Fish and Wildlife Service.  On November 13, 2010, both defendants met with the undercover agent and purchased four rhino horns for approximately $18,000.  Their

conversations and illegal activity are on tape and are a portion of the strong evidence against defendants.  The government and probation oppose further modifications as requested by defendants.  The alternative to the present bond conditions is detention which was the government's and probation's original position in the first detention hearing held on November 23, 2010.

## *BACKGROUND*

Defendants came to Colorado and engaged in illegal activity.  They were arrested following their purchase of four rhino horns on November 13, 2010.  There was a detention hearing on November 23, 2010, where Special Agent (SA) Curtis Graves testified about the nature of the crimes, the weight of the evidence, both defendants' history, and the risk of flight.  Both defendants have passports indicating extensive travel to Canada, Asia, Africa, and the United States.  Both defendants and their families, to include Defendant O'Brien's father, have been associated through European intelligence with a group of traveling Irish individuals called the Rathkeale Rovers.  Defendant O'Brien was convicted with others in the Rathkeale group in Belgium for smuggling cigarettes and intimidating truck drivers.  Defendants have no ties to Colorado and were here on a 90-day Visa Waiver Program which has expired.  Defendants had airline tickets to depart Colorado a short time after their illegal activity.

The above information was provided to Judge Shaffer by the government through the testimony of SA Curtis Graves.  Defendants are related and Defendant O'Brien's father, who is Defendant Hegarty's father in law, came to Colorado from Ireland for the detention hearing.  Mr. William Holden, whose relationship to defendants is not clear and is only described as a relative,

flew from New York to attend defendants' detention hearing. Defendants' lawyers posed to the Court the following alternatives to pre-trial confinement: both defendants be released to live with Mr. Holden and his wife, Kathleen, in Yonkers, New York. In the alternative, Richard O'Brien, Sr., would be willing to rent an apartment in Denver for both defendants. Defense also indicated they had no objection to an ankle bracelet with GPS monitoring to track defendants if released in Colorado and surrendering of passports and drivers licenses. The government opposed defendants' release and objected to the Yonkers arrangement because there had been no investigation concerning the Holdens and their residence. Neither defendant called Mr. Holden to testify about the proposed arrangement. Judge Shaffer indicated he was not inclined to release defendants to Yonkers, New York, and proceeded to release them under the present conditions of home confinement to an apartment rented by Defendant O'Brien's father and electronic monitoring. The Court justified its decision to release defendants on conditions stating the arrangements of an apartment in Denver would create ties to the Colorado community and would ensure defendants' presence at trial in Colorado. The government requested a cash bond in addition to the above conditions and the Court declined.

## *ARGUMENT*

The conditions set by Judge Shaffer on November 23, 2010, have been in effect for approximately three months. Nothing has really changed at this posture concerning the factors for consideration as to pre-trial detention. Defendants have asserted their current mental status and financial hardship in support of a modification requesting they be allowed to live with a relative in New York and travel to Colorado for court appearances.

An investigation has determined Mr. Holden, defendants' relative, has been convicted of several felonies – contempt of court and perjury. The investigation into the residence of the Holdens indicates it is a one bedroom apartment which is inappropriate to house the two defendants according to Probation's standards. The District of New York is in the process of determining if electronic or GPS monitoring would be available. The government opposes any change in defendants present bond conditions. Defendants should appreciate the alternative to their present situation is incarceration or placement in a half-way house. The government does not understand how a three month track record, in a case that has not yet been set for trial, supports less restrictive conditions with absolutely no ties to Colorado. In the alternative, the government would support half way house placement to alleviate any financial strain and facilitate continued mental health treatment.

Defendants pose one of their recently filed motions in support of modification of bond stating it goes to the weight of the evidence. A filed motion, which attacks the charging document in this case, does not affect the quantity and quality of the evidence against defendants. This motion has not been set for a hearing and the government's response in due on March 11, 2011. The government has started the research on the constitutionality issue raised and there is significant case law contrary to defenses' position. The government is confident, after response and argument, defendants' motion will be demised and in its pending posture certainly does not form a basis for modification of bond.

Defendants also imply delay in the District Court proceedings support their motion. The government incorporates by reference two motions to continue filed by defendants: Motion to

Declare Case Complex and to Exclude Time *[Docket #32]* and Motion for Extension of Time to File Motions *[Docket #45]*. It seems disingenuous and inappropriate for defendants to seek an extension of time with one motion and, after the Court grants the extension, to then claim the delay supports the current bond modification request.

The government is concerned with flight risk. Defendants request a modification that will make it necessary for defendants to frequently travel between New York and Colorado. Such a modification will require returning their passports. To do so, almost certainly supports their departure from our jurisdiction to Ireland.

## *CONCLUSION*

The government asserts there is no basis for modification of the current bond conditions. The government did not agree with the original determination of conditions by Judge Shaffer and remains skeptical. The government prefers incarceration and believes the current situations has existed for a relatively short period of time and the closer we get to trial the greater the risk of flight.

As to the financial condition of defendants, the government understands the family has sufficient income to finance family members to travel to Colorado and spend time with defendants. This occurred during the holiday season. Apparently, the family also has sufficient means and income to fly both defendants back and forth from New York for Court appearances. It would appear incongruent for the above factors to exist and yet defendants' family is unable to afford the apartment. The government respectfully requests this Court deny defendants' motion; or in the alternative, place both defendants in a half-way house.

Dated this 24th day of February, 2011.

                                    Respectfully submitted,

JOHN F. WALSH
United States Attorney

*s/ Linda A. McMahan*
LINDA A. MCMAHAN
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Phone: (303) 454-0100
FAX: (303) 454-0403
Email: Linda.McMahan@usdoj.gov
Attorney for the United States

*s/ Robert S. Anderson*
ROBERT S. ANDERSON
Senior Trial Attorney
Environmental Crimes Section,
Environment and Natural Resources Division
U.S. Department of Justice
105 E. Pine Street, Second Floor
Missoula, MT  59802
Telephone:  406-829-3322
Email: robert.anderson8@usdoj.gov

*s/Jennifer A. Whitfield*
JENNIFER A. WHITFIELD
Senior Trial Attorney
P.O. Box 23985
Washington, DC 20026
Telephone: (202) 305-0348
Facsimile: (202) 514-8865
Email: jennifer.whitfield@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of February, 2011, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION TO MODIFY BOND CONDITIONS** *[DOCKET #54]* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Virginia Grady**
    Email: Virginia_Grady@fd.org

**Richard Kent Kornfeld**
    Email: Rick@rechtkornfeld.com

                      By: *s/Maureen Carle*
                      MAUREEN CARLE
                      Legal Assistant
                      1225 Seventeenth Street, Suite 700
                      Denver, Colorado  80202
                      Telephone:  (303) 454-0100
                      Facsimile:  (303) 454-0403
                      Email: Maureen.Carle@usdoj.gov